IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEANNOT LEKOBA,                                *
                    Plaintiff,
            v.                                 *              CIVIL ACTION NO. PX-16-2634

MICHAEL BOUITY                                 *
                    Defendant.
                                          *****

MEMORANDUM

Background

On July 20, 2016, the Clerk received for filing the above-captioned self-represented 28

U.S.C. § 1332 diversity of citizenship complaint from Jeannot Lekoba a resident of College Park,

Maryland.[1]  Lekoba sues Michel Bouity, a resident of Towson, Maryland.  The complaint is

accompanied by a motion for leave to proceed in forma pauperis.  ECF No. 2.  Because he appears

indigent, Lekoba's indigency motion shall be granted.

In the statement of facts supporting the complaint Lekoba simply states "Mister Michel

Bouity is wrongly accusing me of stealing a credit card."   ECF No. 1, p. 6.  The relief section of the

form complaint has been left blank.

Analysis

Pursuant to 28 U.S.C. § 1915,[2] the courts are required to screen a plaintiff's complaint when

_____

[1]        On the attached civil cover sheet, Lekoba checks off diversity as the jurisdictional basis for
his suit.  In addition, he has checked off the "False Claims Act" section under nature of suit.  ECF No. 1-1.

[2]        The statute provides in pertinent part:

        Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that ... (B) the action or

in forma pauperis status has been granted.   The statute permits district courts to independently assess the merits of in forma pauperis complaints, and "to exclude suits that have no arguable basis in law or fact." *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).   This screening authority differentiates *in forma pauperis* suits from ordinary civil suits.   *Nasim*, 64 F.3d at 953-954; *see also Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 656 (4th Cir. 2006).   Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  See *Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted.  Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).  Indeed, plaintiff

---

appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

A court may consider subject matter jurisdiction as part of its initial review of the complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte. See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804,

808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id*. (internal citations and quotations omitted).

Lekoba claims that he has been "wrongly" accused of stealing a credit card, in violation of the False Claims Act ("FCA"). The FCA provides a cause of action for fraud committed against the United States. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Thus, Lekoba fails to assert a cause of action under the FCA sufficient to confer federal question jurisdiction upon this court.

The claim appears grounded in state law. A federal district court does not sit to review every claim related to alleged fraudulent or tortious conduct involving non-federal parties. Instead, it only has authority to review such state-law claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties reside in different states and the amount in controversy exceeds $75,000. When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

The parties reside in Maryland. Therefore, the complaint does not satisfy diversity of citizenship requirements and the case must be dismissed without prejudice for lack of subject matter jurisdiction. A separate Order shall be entered in accordance with this Memorandum.

4

Date:  July 27 , 2016                          _____/s/_____
                                               Paula Xinis
                                               United States District Judge